UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY MITCHELL,

      Petitioner,

v.                                            Case No. 3:17-cv-342-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
      Respondents.
_____

## ORDER

### I. Status

Petitioner Larry Mitchell, an inmate of the Florida penal system, initiated this action on March 20, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Mitchell challenges a 2011 state court (Bradford County, Florida) judgment of conviction for aggravated battery. Mitchell raises one ground for relief. See Petition at 8-16.[2] Respondents have submitted a memorandum in opposition to the Petition. See Motion to Dismiss (Response; Doc. 18) with exhibits (Resp. Ex.). Mitchell did not file a brief in reply.[3] This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.
[3] The Court directed Petitioner to file a reply or notice that he would not file a reply by October 29, 2018. Doc. 19. Mitchell neither filed a reply nor a notice.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Equitable tolling principles also apply to the one-year limitations period. The Eleventh Circuit has explained:

> The AEDPA's one-year limitations period can be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219

F.3d 1298, 1300 (11th Cir. 2000) (quotation omitted). However, this remedy is extraordinary and is applied sparingly. Id. "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). The petitioner bears the burden of showing that equitable tolling is warranted. Drew, 297 F.3d at 1286.[4] Thus, [the petitioner's] burden is to show extraordinary circumstances that were both beyond his control and unavoidable even with his own exercise of diligence.

Charest v. King, 155 F. App'x 494, 495-96 (11th Cir. 2005). Additionally, in McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[5] and House,[6] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S. at 332, 115 S.Ct. 851.

Id. at 386-87.

---

[4] Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).
[5] Schlup v. Delo, 513 U.S. 298 (1995).
[6] House v. Bell, 547 U.S. 518 (2006).

3

Respondents contend that this action is untimely. Response at 3-4. Without explanation, Mitchell asserts that the Petition is timely filed. Petition at 23-24. The following procedural history is relevant to the one-year limitations issue. On June 2, 2011, the State of Florida (State) charged Mitchell by way of second amended Information with one count of aggravated battery causing great bodily harm, disability, or disfigurement. Resp. Ex. B at 22-23. Following a jury trial, the jury found Mitchell guilty as charged. Id. at 72. On July 11, 2011, the circuit court adjudicated Mitchell to be a prison releasee reoffender (PRR), sentenced him to a term of incarceration of ten years in prison, and ordered the sentence to run consecutively with any other active sentences. Id. at 40-41. On July 20, 2011, to correct what it perceived to be a sentencing error in the initial imposition of sentence, the circuit court resentenced Mitchell as a PRR to a term of incarceration of fifteen years in prison, with a fifteen-year minimum mandatory, and ordered the sentence to run consecutively to any other active sentence. Resp. Exs. B at 77-79; D at 3-4.

Mitchell appealed, during the pendency of which he, through counsel, filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) (Rule 3.800(b)(2) Motion). In that motion, he argued that his adjudication as a PRR and his resentencing to a fifteen-year prison term were illegal. Resp. Ex. E at 88-94. The circuit court granted the Rule 3.800(b)(2) Motion and directed the Clerk to amend the sentence to reflect a non-PRR sentence of ten years imprisonment. Id. at 106-08. Ultimately, on May 25, 2012, the First District Court of Appeal (First DCA) per curiam affirmed the judgment and sentence without a written opinion and issued the Mandate on June 20, 2012. Resp. Ex. G.

As Mitchell's judgment and sentence became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Florida Rule of Appellate Procedure 9.030(a)(2), Mitchell's judgment and sentence became final when the time for filing a petition for certiorari in the United States Supreme Court expired, ninety days from when the First DCA entered its opinion. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). Accordingly, Mitchell's judgment and sentence became final on August 23, 2012, meaning Mitchell had until August 23, 2013, to file a federal habeas petition. See id. Accordingly, Mitchell's Petition filed on March 20, 2017, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

The record reflects that Mitchel did not file any motions with the circuit court that would have tolled the one-year statute of limitations until April 10, 2014, when Mitchell filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Exs. A; H at 1-20. As Mitchell did not file any motions that would have tolled the statute of limitations between August 23, 2012, and August 23, 2013, the instant Petition is untimely. Mitchell has not alleged a claim of actual innocence that would excuse this untimeliness. Accordingly, as Mitchell has failed to demonstrate he is entitled to equitable tolling or that he is actually innocent, the Petition is due to be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## III. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Mitchell seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mitchell "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Mitchell appeals the denial of the Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of October, 2019.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Larry Mitchell, #041539
Anne Catherine Conley, Esq.